■ In the Matter of Joseph Fiori, Appellant, v Margaret Fiori, Respondent. (Appeal No. 1.) [738 NYS2d 265] —Appeal from an order of Family Court, Onondaga County (Klim, J.), entered November 9, 2000, which dismissed the petition for modification of custody.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: In appeal No. 1, petitioner appeals from an order dismissing his petition for modification of custody. We agree with petitioner that Family Court erred in sua sponte dismissing that petition for failure to prosecute. Although a proceeding may be dismissed for want of prosecution, "[o]ne year must have elapsed since the joinder of issue" (CPLR 3216 [b] [2]; see, Family Ct Act § 165). Respondent filed her answer on February 4, 2000, less than one year from the date on which the court dismissed the petition. Moreover, petitioner was not served with the requisite 90-day demand (see, CPLR 3216 [b] [3]). We note, however, because petitioner filed a first amended petition requesting the same relief as that requested in the petition, petitioner's appeal from the order in appeal No. 1 is moot.

In appeal No. 2, we note at the outset that the court dismissed the first amended petition pursuant to respondent's oral motion for summary judgment. However, CPLR 3212 (b) provides that a motion for summary judgment "shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions." In any event, even treating respondent's motion for summary judgment as a motion to dismiss, we conclude that the court erred in dismissing the first amended petition for modification of custody without conducting a hearing. The first amended petition alleges that respondent may be alienating the children from petitioner, that respondent allows males to spend the night in the children's presence, and that respondent allows her allegedly abusive sister to provide day care. Consequently, we conclude that petitioner made a sufficient evidentiary showing of a change in circumstances to warrant a hearing (see, Matter of Darla N. v Christine N. [appeal No. 2], 289 AD2d 1012). We therefore reverse the order in appeal No. 2, deny respondent's motion, reinstate the first amended petition, and remit the matter to Family Court, Onondaga County, for further proceedings before a different judge. Present—Hayes, J.P., Wisner, Hurlbutt, Burns and Lawton, JJ.